**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

GARMIN INTERNATIONAL, INC., *et al.*, )
)
                Plaintiffs, )
)
v. ) Case No. 11-2162-KHV
)
BRYTON, INC., )
)
                Defendant. )

## SCHEDULING ORDER

On July 29, 2011, pursuant to Fed. R. Civ. P. 16(b), the court conducted a telephone scheduling conference in this case with the parties.[1] Plaintiff appeared through counsel Adam P. Seitz and Michelle L. Marriott. Defendant appeared through counsel James J. Kernell and Chris Kao.

After consultation with the parties, the court enters this scheduling order, summarized in the table that follows:

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | 8/19/11 |
| Defendant's settlement counter-proposal | 9/2/11 |
| Confidential settlement reports to magistrate judge, with identification of agreed-upon mediator or other ADR neutral | 9/16/11 |
| Mediation or other ADR process completed | 10/10/11 |
| Initial disclosures exchanged | 8/12/11 |
| All fact discovery completed | 3/16/12 |
| All expert discovery completed | 8/22/12 |
| Experts disclosed by the party bearing the burden of proof | 5/30/12 |
| Rebuttal experts disclosed | 7/20/12 |
| Supplementation of disclosures | 2/3/12 |
| Preliminary witness and exhibit disclosures | 2/3/12 |
| Jointly proposed protective order submitted to court | 8/25/11 |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | 8/25/11 |
| Motions to join additional parties or otherwise amend the pleadings | 11/16/11 |
| Motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim | 9/28/11 |
| All other potentially dispositive motions (e.g., summary judgment) | 9/26/12 |
| Motions challenging admissibility of expert testimony | 28 days before trial |
| Preliminary infringement contentions | 9/16/11 |
| Preliminary non-infringement contentions | 10/28/11 |
| Preliminary invalidity contentions | 10/28/11 |
| Final infringement contentions | 2/10/12 |
| Final non-infringement contentions | 3/9/12 |
| Final invalidity contentions | 3/9/12 |
| List of claim terms to be construed | 11/16/11 |
| Parties' respective proposed constructions | 12/1/11 |
| Joint construction statement | 12/30/11 |
| Opening brief on claim construction | 1/20/12 |
| Response brief | 2/17/12 |
| Reply brief | 3/2/12 |
| Markman hearing before the district judge | 5/14/12 at 9:30 a.m. |
| Proposed pretrial order due | 9/5/12 |
| Final pretrial conference | 9/12/12 at 10:30 a.m. |
| Status conference before the district judge | 1/3/13 at 9:30 a.m. |
| Trial | 2/4/13 at 9:30 a.m. |

**1.     Alternative Dispute Resolution (ADR).**

a.     By **August 19, 2011,** plaintiff shall submit to defendant a good faith proposal to settle the case.  By **September 2, 2011,** defendant shall make a good faith response to plaintiff's proposal, either accepting the proposal or submitting defendant's own good faith proposal to settle the case.  By **September 16, 2011,** each of the parties shall submit independently, by way of e-mail or letter (preferably the former), addressed to the magistrate judge (but not the district judge), a confidential settlement report.  These reports shall briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations and the overall prospects for settlement, and a specific recommendation regarding mediation and/or any other ADR method, together with an indication concerning who has been selected by the parties (preferably jointly) to serve as a mediator or other neutral in an ADR process. These reports need not be served upon opposing parties and **shall not** be filed with the Clerk's Office.

b.     Settlement may be enhanced by use of mediation (or other chosen ADR process). Counsel shall provide the name of an agreed-upon mediator (or other ADR neutral) to the court, and the scheduled date of the mediation (or other chosen ADR process), as part of the above-described confidential settlement reports; if the parties are unable to jointly agree upon a mediator (or other neutral), each shall suggest a mediator (or other neutral) and then the court will select a mediator (or other neutral).  Absent further order of the court, the ADR process shall be held no later than **October 10, 2011,** before the mediator (or other neutral) chosen by the parties or selected by the court. An ADR report, on the form located

on the court's Internet website, must be filed by defense counsel within five days of the scheduled ADR process (*http://www.ksd.uscourts.gov/attorney/adr/adrreport.pdf*).

**2.     Discovery.**

a.     The parties shall exchange by **August 12, 2011,** the information required by Fed. R. Civ. P. 26(a)(1). In order to facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without any need for formal requests for production, copies of the various documents described in the parties' respective Rule 26(a)(1) disclosures shall be exchanged or made available for inspection and copying by **August 12, 2011.** The parties are reminded that, although Rule 26(a)(1) is keyed to disclosure of information that the disclosing party "may use to support its claims or defenses, unless solely for impeachment," the advisory committee notes to the 2000 amendments to that rule make it clear that this also requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party. In addition to other sanctions that may be applicable, a party who without substantial justification fails to disclose information required by Fed. R. Civ. P. 26(a) or Fed. R. Civ. P. 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. *See* Fed. R. Civ. P. 37(c)(1).

b.     All fact discovery shall be commenced or served in time to be completed by **March 16, 2012.** All expert discovery shall be commenced or served in time to be completed by **August 22, 2012.**

c.     The parties intend to serve disclosures and discovery electronically, as permitted by D. Kan. Rules 5.4.2 and 26.3.

d.     Consistent with the parties' agreements as set forth in the planning conference report submitted pursuant to Fed. R. Civ. P. 26(f), electronically stored information (ESI) in this case will be handled as follows:

The parties will produce ESI in an electronic format stored on a media (e.g DVD) or for downloading via an FTP site. Each document, and the pages contained therein, shall be produced as searchable, single page .tif ("TIFF") images with a Concordance load file specifying the beginning and end document range, i.e., the document break, for each document, except as otherwise expressly noted below. To accomplish searching of the TIFF images, each party shall produce with each production an optical character recognition ("OCR") file that is cross-referenced with each TIFF image.

For any ESI with a native format in EXCEL or AUTOCAD, SOLID WORKS, PROENGINEERING ("PRO-E"), VISIO, CATIA, PHOTOSHOP, or other electronic drawing or photo software, the producing party shall produce the document in its native format. The parties agree to negotiate in good faith production in native format of other specifically identified documents at the request of the receiving party.

The parties agree that metadata associated with ESI will be preserved by the parties. However, the parties agree that ESI need not be produced or disclosed with its accompanying metadata in the ordinary course. Instead, where examination of metadata associated with a particular ESI is reasonably necessary, the parties will work in good

faith to produce or disclose the specifically requested metadata, preserving all applicable claims of attorney-client privilege or attorney work product.

  e. Consistent with the parties' agreements as set forth in their Rule 26(f) report, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows: A provision regarding the disclosure of unintentional production of privileged documents shall be included as part of the parties' protective order.

  f. No side shall serve more than **25** interrogatories, including all discrete subparts, to the other side.

  g. There shall be no more than **10** depositions by plaintiffs collectively and **10** by defendant.

  h. Each deposition other than those taken outside of the United States and/or require the use of a translator, shall be limited to one day of **7** hours.  To the extent that any depositions are taken outside of the United States and/or require the use of a translator, each such deposition shall be limited to **2 days for a total of 14 hours**.  All depositions shall be governed by the written guidelines that are available on the court's Internet website,

    *(http://www.ksd.uscourts.gov/guidelines/depoguidelines.pdf).*

  i. Disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, shall be served by the party bearing the burden of proof  by **May 30,**

**2012,** and disclosures and reports by any rebuttal experts shall be served by **July 20, 2012.**  The parties shall serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 11 days after service of the disclosures upon them.  These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided, such as lists of prior testimony and publications).  These objections need not extend to the admissibility of the expert's proposed testimony.  If such technical objections are served, counsel shall confer or make a reasonable effort to confer consistent with requirements of D. Kan. Rule 37.2 before filing any motion based on those objections.  As noted below, any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown; otherwise, the objection to the default, response, answer, or objection shall be deemed waived.  *See* D. Kan. Rule 37.1(b).

    j.    The parties agree that physical or mental examinations pursuant to Fed. R. Civ. P. 35 are not appropriate in this case.

    k.    Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such

supplemental disclosures shall served by **February 3, 2012.**  These supplemental disclosures must identify the universe of all witnesses and exhibits that probably or even might be used at trial.  The rationale for the mandatory supplemental disclosures 40 days before the discovery cutoff is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires.  Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) disclosures, which as explained below usually are filed 21 days before trial, that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial.  *See* Fed. R. Civ. P. 37(c)(1).

   l. The parties shall serve preliminary witness and exhibit disclosures  pursuant to Fed. R. Civ. P. 26(a)(3)(A)(i) & (iii) by **February 3, 2012.**  These disclosures shall provide a realistic listing of the witnesses and exhibits that actually are anticipated to be used during trial of the case instead of merely repeating the initial disclosures under Fed. R. Civ. P. 26(a)(1)(A)(i) & (ii).

   m. At the final pretrial conference after the close of discovery, the court will set a deadline, usually 21 days prior to the trial date, for the parties to file their final disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A)(i), (ii) & (iii).  As indicated above, if a witness or exhibit appears on a final Rule 26(a)(3) disclosure that has not previously been

included in a Rule 26(a)(1) disclosure (or a timely supplement thereto), that witness or exhibit probably will be excluded at trial.  *See* Fed. R. Civ. P. 37(c)(1).

        n.      Discovery in this case may be governed by a protective order.  If the parties agree concerning the need for and scope and form of such a protective order, their counsel shall confer and then submit a jointly proposed protective order by **August 25, 2011.**  Such jointly proposed protective orders should be drafted in compliance with the written guidelines that are available on the court's Internet website:

*(http://www.ksd.uscourts.gov/guidelines/protectiveorder.pdf).*

At a minimum, such proposed orders shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c).  If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum by **August 25, 2011.**

        o.      To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial.  *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a).  Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports.  *See* D. Kan. Rule 26.4(b).

**3.**      **Motions.**

a. Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by **November 16, 2011.**

b. Provided that such defenses have been timely preserved, any motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim upon which relief can be granted shall be filed by **September 28, 2011.**

c. All other potentially dispositive motions (e.g., motions for summary judgment) shall be filed by **September 26, 2012.**

d. All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed no later than 28 days before trial.

e. Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown.  Otherwise, the objection to the default, response, answer, or objection shall be waived.  *See* D. Kan. Rule 37.1(b).

**4.    Patent Disclosures**

a. Preliminary Infringement Contentions: Plaintiffs shall serve their preliminary disclosure of asserted claims ain infringement contentions no later than **September 16, 2011.**  Plaintiffs shall identify each claim of each patent in suit that is allegedly infringed by Defendant, and disclose each accused apparatus, product, device,

-10-

process, method, act, or other instrumentality of which Plaintiff is aware. Plaintiffs shall also include a chart identifying where each limitation of each asserted claim is found within each accused apparatus, product, device, process, method, act, or other instrumentality.

      b.     <u>Preliminary Non-Infringement Contentions</u>: Defendant shall serve its preliminary non-infringement contentions no later than **October 28, 2011.** Defendant shall provide a chart, responsive to the chart provided in Plaintiffs' Preliminary Infringement Contentions, that identifies as to each identified element in each asserted claim and discloses, to the extent then known by the party opposing infringement, whether such element is presently literally or under the doctrine of equivalents in each Accused Instrumentality and, if not, the reason for such denial and the relevant distinctions.

      c.     <u>Preliminary Invalidity Contentions</u>: The parties agree that Defendant shall serve its preliminary invalidity contentions no later than **October 28, 2011.** Defendant shall identify each item of prior art of which it is currently aware, and state whether each item of prior art anticipates each asserted claim or renders it obvious (and disclose each combination). Defendants shall further provide a chart identifying where each limitation of each asserted claim is anticipated and/or rendered obvious in the prior art. The disclosure shall also include any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2), enablement or written description under § 112(1), or any other theory of invalidity under any of 35 U.S.C. §§ 101, 102, 103, and

112 of any asserted claims. With its invalidity contentions, Defendant shall produce to Plaintiff, to the extent not already produced, a copy or sample of the prior art identified in Defendant's invalidity contentions. Unless already produced by this date, Defendant shall also produce source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of the accused products identified by Plaintiffs in their Preliminary Infringement Contentions.

      d.      <u>Final Infringement Contentions</u>: Plaintiffs shall serve their final infringement contentions containing the information required in its initial infringement disclosures no later than **February 10, 2012.** After this date, amendment or supplementation of any Infringement Contentions may be made only by order of the Court.

      e.      <u>Final Non-Infringement Contentions</u>: Defendant shall serve its final non-infringement contentions concerning the information required in its initial non-infringement contentions no later than **March 9, 2012.** After this date, amendment or supplementation of any Infringement Contentions may be made only by order of the Court.

      f.      <u>Final Invalidity Contentions</u>: Defendant shall serve its final invalidity contentions containing the information required in its initial invalidity contentions no later than **March 9, 2012.**

      g.      <u>Amendment to Contentions</u>: Amendment of the Final Infringement Contentions or the Final Invalidity Contentions may be made only be order of the Court

upon a timely showing of good cause.  Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include: (a) a claim construction by the Court different from that proposed by the party seeking amendment; (b) recent discovery of material, prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Final Infringement Contentions.  The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions.

      h.    *Markman* Claim Construction Procedures: To facilitate claim construction in this case, the parties request the following:

          (1)    The parties shall serve on each other a list of claim terms that the party contends should be construed by the court and identify any claim term that any party believes should be governed by 35 U.S.C. § 112(6) no later than **November 16, 2011.**  The parties shall meet and confer thereafter to limit the disputes by narrowing or resolving differences.

          (2)    The parties shall simultaneously serve on each other their respective proposed constructions of each term identified by either party for claim construction no later than **December 1, 2011.**  At the same time, each party shall also identify all references from the

specification or prosecution history that support its proposed construction and designate any supporting extrinsic evidence.

(3) The parties shall file a joint claim construction statement, including the terms on which the parties agree their respective proposed constructions of any disputed terms, together with an identification of any extrinsic evidence known to the party on which it intends to rely to support its proposed construction or to oppose any other party's proposed construction no later than **December 30, 2011.**

(4) Plaintiff shall file its opening brief and any evidence supporting its proposed claim construction no later than **January 20, 2012.**

(5) Defendant shall file its responsive brief and supporting evidence no later than **February 17, 2012.**

(6) Plaintiff may file a reply brief and any evidence directly rebutting the supporting evidence contained in the defendant's response. Absent leave of the Court, Defendant shall not be entitled to file any surreply brief no later than **March 2, 2012.**

(7) A claim construction (*Markman*) hearing is scheduled in person before the district judge on **May 14, 2012, at 9:30 a.m.**

(8) Plaintiffs request the district judge make her *Markman* rulings by May 2012, and defendant requests the district judge make her *Markman* rulings by August 2012.

**5.     Other Matters.**

a.     The parties agree that principles of comparative fault do not apply to this case.

b.     Pursuant to Fed. R. Civ. P. 16(a), a status conference is scheduled for **January 3, 2013, at 9:30 a.m.** before Chief Judge Kathryn H. Vratil in courtroom 529.

c.     Pursuant to Fed. R. Civ. P. 16(e), a final pretrial conference is scheduled for **September 12, 2012, at 10:30 a.m.,** in the U.S. Courthouse, Room 470, 444 SE Quincy, Topeka, Kansas, or by telephone if the judge determines that the proposed pretrial order is in the appropriate format and that there are no other problems requiring counsel to appear in person.  Unless otherwise notified, the undersigned magistrate judge will conduct the conference.  No later than **September 5, 2012,** defendant shall submit the parties' proposed pretrial order (formatted in WordPerfect 9.0, or earlier version) as an attachment to an Internet e-mail sent to *ksd_sebelius_chambers@ksd.uscourts.gov*.  The proposed pretrial order shall not be filed with the Clerk's Office.  It shall be in the form available on the court's Internet website (*www.ksd.uscourts.gov*), and the parties shall affix their signatures according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

d.     The parties expect the trial of this case to take approximately 7 days.  This case is set for trial on the court's docket beginning on **February 4, 2013, at 9:30 a.m.**  Unless otherwise ordered, this is not a "special" or "No. 1" trial setting.  Therefore,

during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

      e.      The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time.

      f.      The arguments and authorities section of briefs or memoranda submitted shall not exceed 30 pages, absent an order of the court.

This scheduling order shall not be modified except by leave of court upon a showing of good cause.

**IT IS SO ORDERED.**

Dated this 8th day of August, 2011, at Topeka, Kansas.

                                    s/ K. Gary Sebelius
                                    K. Gary Sebelius
                                    U.S. Magistrate Judge