IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GARMIN INTERNATIONAL, INC., ) <br> GARMIN USA, INC. and ) <br> GARMIN SWITZERLAND GMBH, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BRYTON, INC., ) <br> ) <br> Defendant. ) <br> _____ ) | CIVIL ACTION <br><br> No. 11-2162-KHV |

**MEMORANDUM AND ORDER**

Garmin International, Inc., Garmin USA, Inc. and Garmin Switzerland GMBH (collectively "Garmin") bring suit against Bryton, Inc. for infringement of Garmin's design patent on the Edge 500 cycling computer, United States Patent No. D632,984 ('984 Patent). This matter is before the Court on Garmin's Motion For Preliminary Injunction (Doc. #8) filed March 21, 2011. Neither party has requested a hearing. The Court therefore decides Garmin's motion based on the parties' written submissions and attachments.[1]

Garmin seeks a preliminary injunction which prohibits defendant from making, using, importing, offering for sale and/or selling its Rider 30 cycling computer in the United States. The purpose of a preliminary injunction is to preserve the status quo pending the outcome of the case. Tri-State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc., 805 F.2d 351, 355 (10th Cir. 1986). The Patent Act provides that injunctions "may" issue "in accordance with the

---

[1] On July 27, 2011, defendant sought leave to file a sur-reply. Under D. Kan. Rule 6.1(d)(1), plaintiffs had until August 10, 2011 to file a response to defendant's motion. To date, plaintiffs have not filed a response. For this reason and substantially the reasons stated in Defendant's Motion For Leave To File Under Seal A Sur-Reply In Opposition To Motion For Preliminary Injunction (Doc. #34), the Court grants defendant leave to file a sur-reply under seal.

principles of equity." 35 U.S.C. § 283. A preliminary injunction is "extraordinary" relief. Abbott Labs. v. Andrx Pharm., Inc., 452 F.3d 1331, 1335 (Fed. Cir. 2006). The decision to grant or deny injunctive relief is an act of equitable discretion by the district court. eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). As the parties moving for injunctive relief, plaintiffs must establish that (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm without preliminary relief, (3) the balance of equities tips in their favor and (4) an injunction is in the public interest. See Winter v. Natural Res. Defendant. Council, Inc., 555 U.S. 7, 20 (2008); Tri-State, 805 F.2d at 355.

**I.     Likelihood Of Success**

With regard to the first factor – likelihood of success on the merits – the moving parties must show that in light of the burdens and presumptions that will inhere at trial, (1) they will likely prove that defendant infringed the patent, and (2) they will likely withstand the non-moving party's challenges, if any, to the validity and enforceability of the patent. See Titan Tire Corp. v. Case New Holland, Inc., 566 F.3d 1372, 1376 (Fed. Cir. 2009); see also Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418, 429 (2006) (burdens at preliminary injunction stage track burdens at trial). With regard to likelihood of success, the Federal Circuit summarized the analysis of the factor in a patent case at the preliminary injunction stage as follows:

> [T]he trial court, after considering all the evidence available at this early stage of the litigation, must determine whether it is more likely than not that the challenger will be able to prove at trial, by clear and convincing evidence, that the patent is invalid. We reiterate that the "clear and convincing" standard regarding the challenger's evidence applies only at trial on the merits, not at the preliminary injunction stage. The fact that, at trial on the merits, the proof of invalidity will require clear and convincing evidence is a consideration for the judge to take into account in assessing the challenger's case at the preliminary injunction stage; it is not an evidentiary burden to be met preliminarily by the challenger.

> If the trial court is persuaded, then it follows that the patentee by definition has not been able to show a likelihood of success at trial on the merits of the validity issue, at least not at this stage. This decision process, which requires the court to assess the potential of a "clear and convincing" showing in the future, but in terms of what is "more likely than not" presently, rests initially in the capable hands and sound judgment of the trial court.

Titan, 566 F.3d at 1379-80.

Here, plaintiffs have not shown that their infringement claim will likely withstand defendants' challenges to the validity and enforceability of the patents. See id. at 1376. In particular, as explained in defendant's sur-reply, Garmin has not addressed the validity of the '984 design patent in light of prior art, particularly the HTC Touch, the Garmin Oregon 200, 300 and 400, and Geostar Marco Polo.[2] For this reason, the Court finds that Garmin has not shown that it is likely to succeed on the merits of its claim.

## II.     Irreparable Harm

Bryton argues that Garmin has not shown irreparable harm. In light of the factual assertions in Bryton's sur-reply, which Garmin has not refuted, the Court finds that Garmin has not shown irreparable harm. Garmin filed this suit some 27 days after the '984 Patent was issued. Bryton no longer sells the Rider 30 in the United States and had ceased sales of the product before the '984

---

[2]     Garmin argues that Bryton relies solely on pictures of the devices without any further documentation, analysis, or description how any of these pictures invalidate the '984 Patent or how the devices are prior art. Doc. #33 at 10-11. Garmin's argument is well taken as to the Geostar Marco Polo device, but Bryton produced evidence that the HTC Touch was available by June 30, 2007 and that the Garmin Oregon 200, 300 and 400 were available beginning on July 10, 2008. See Exhibit 4 to Doc. #30 (picture of HTC Touch uploaded to Wikipedia on June 30, 2007); Exhibit 5 to Doc. #30 (Garmin press release dated July 10, 2008 about introduction of Oregon 200, 300 and 400).

Patent was issued on February 22, 2011.[3] Following a voluntary recall, only 59 units of the Rider 30 remained available for sale by retailers in the United States. Garmin may very well be entitled to a permanent injunction based on Bryton's past sales, but it has not shown any irreparable harm which would justify a preliminary injunction. See Reebok Int'l Ltd. v. J. Baker, Inc., 32 F.3d 1552, 1558 (Fed. Cir. 1994) (plaintiff's reputation will not be materially harmed by sale of relatively small number of products remaining); Roper Corp. v. Litton Sys., Inc., 757 F.2d 1266, 1273 (Fed. Cir. 1985) (irreparable harm not shown where defendant not currently producing or planning to produce accused product; no showing of present infringement); McDavid Knee Guard, Inc. v. Nike USA, Inc., 683 F. Supp.2d 740, 748 (N.D. Ill. 2010) (preliminary injunction denied where alleged infringer no longer employs process and no evidence that it will do so in future); Wilson Sporting Goods Co. v. Head Sports, 1999 WL 89776 (N.D. Ill. Feb. 9, 1999) (preliminary injunction denied where infringing products no longer on the market); J-Star Indus., Inc. v. Oakley, 720 F. Supp. 1291, 1303 (W.D. Mich. 1989) (preliminary injunction denied where device is no longer available to public); see also Campbell Soup Co. v. ConAgra Inc., 977 F.2d 86, 93 (3d Cir. 1992) (vacating preliminary injunction based on trade secret misappropriation in part because evidence indicated that enjoined method had been discontinued and defendant had no plans to renew it).[4]

**IT IS THEREFORE ORDERED** that Garmin's Motion For Preliminary Injunction (Doc. #8) filed March 21, 2011 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion For Leave To File Under Seal A

---

[3] Bryton's current website notes that the Rider 30 is not available in the United States market.

[4] Because Garmin has not establish likelihood of success of irreparable harm, the Court need not evaluate the balance of equities or whether an injunction is in the public interest.

-4-

<u>Sur-Reply In Opposition To Motion For Preliminary Injunction</u> (Doc. #34) filed July 27, 2011 be and hereby is **SUSTAINED**.

Dated this 25th day of August, 2011 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge